UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDGAR LEE ADDISON and <br> JOSEPHINE TORRES ADDISON, <br><br> Plaintiffs, <br> v. <br><br> CBS CORPORATION, A DELAWARE CORP. f/k/a VIACOM INC., successor by merger to CBS CORP., A PENNSYLVANIA CORP. f/k/a WESTINGHOUSE ELECTRIC CORP.; CERTAINTEED CORPORATION; CRANE CO.; FORD MOTOR COMPANY; GARDNER-DENVER, INC.; GENERAL ELECTRIC COMPANY; GENUINE PARTS COMPANY; GEORGIA PACIFIC, LLC f/k/a GEORGIA-PACIFIC CORPORATION; HONEYWELL INTERNATIONAL, INC. f/lc/a ALLIEDSIGNAL, INC. f/k/a THE BENDLX CORPORATION; IMO INDUSTRIES, INC. Individually as successor in interest to DELAVAL STEAM TURBINE. INC; JOHN CRANE, INC.; KIMBERLY-CLARK CORPORATION; MANNINGTON MILLS, INC.; MCDONNELL DOUGLAS CORPORATION; NATIONAL AUTOMOTIVE PARTS ASSOCIATION; NORTHROP-GRUMMAN CORPORATION; OAKFABCO, INC., f/k/a KEWANEE BOILER CORP.; PNEUMO ABEX CORPORATION; RAPID AMERICAN CORPORATION, Individually and as successor-in-interest to the PHILIP CAREY CORPORATION; RAYPAK, INC. (a wholly owned subsidiary of RHEEM MANUFACTURING CO.); RAYTHEON AIRCRAFT CO.; RILEY STOKER CORPORATION; SUPERIOR BOILER WORKS, INC.; TEXTRON, INC.; UNION CARBIDE CORPORATION; UNITED TECHNOLOGIES CORP.; <br><br> Defendants. | No. 3:13-cv-00397-WDS-PMF <br><br> Judge G. Patrick Murphy |

## DEFENDANT NORTHROP GRUMMAN CORPORATION'S JOINDER IN THE NOTICE OF REMOVAL FILED BY UNITED TECHNOLOGIES CORPORATION

Defendant Northrop Grumman Corporation hereby joins United Technologies Corporation's removal of the above-titled action from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to the United States District Court for the Southern District of Illinois under 28 U.S.C. §§ 1442(a)(1) and 1446. Though joining in United Technologies' removal, Northrop can assert independent bases for removal and therefore has an interest in maintaining this action in federal court, whether or not United Technologies remains a party. In support of this Court's jurisdiction, Northrop states as follows:

1. Plaintiffs filed their Complaint in this case, bearing Case Number 12-L-806, with the Circuit Court of Madison County on June 8, 2012. Northrop was served on July 30, 2012. A copy of the Complaint and related process is attached hereto as Exhibit A.

2. Plaintiffs claim that Mr. Addison experienced workplace exposure to allegedly asbestos-containing products between 1970 and 1993. Indeed, Plaintiffs allege that Northrop and roughly 20 other defendants manufactured, sold, distributed, or installed these products. (Ex. A Count I, ¶ 1-4.) Accordingly, Plaintiffs have sued Northrop for both negligence and willful and wanton misconduct related to the manufacture and sale of asbestos-containing products (Counts I and II); both negligent and willful and wanton spoliation (Counts III and IV); strict liability for ultra-hazardous activity (Count V); both negligence and

2

willful and wanton misconduct on a premises (Counts VI and VII); another set of negligence and willful and wanton misconduct counts, apparently for asbestos carried home on Mr. Addison's clothing (Counts VIII and IX); and loss of consortium (Count X).

3. The Complaint asserts that Mr. Addison served in or worked for the United States Air Force between 1973 and 1993 at various military bases in Florida. (Ex. A Count I, ¶ 1.) The Complaint, however, does not identify any products to which Mr. Addison was allegedly exposed while working for the Air Force.

4. Only with the service of Plaintiffs' Responses to Interrogatories and Requests to Produce did Northrop become aware that Plaintiffs claim that Mr. Addison was exposed to asbestos during maintenance that he allegedly performed on military aircraft. United Technologies attached a copy of Plaintiffs' Responses to Interrogatories to its Notice of Removal. (*See* Dkt. Entry # 2 Ex. B.)

5. A primary business of Northrop companies as a contractor for the United States military has been the construction of military equipment, including aircraft. Historically, and during the time period at issue in this matter, Northrop companies contracted with, and manufactured and supplied completed aircraft to, the U.S. Defense Department's military services, including the Department of the Air Force. Aircraft that Northrop companies designed and manufactured under contract with the Air Force, including all equipment and materials, were designed

3

and built in accordance with strict United States military specifications. (*See* Aff. John F. DeBois, attached hereto as Ex. B, ¶¶ 5-9.)

6. United Technologies properly removed this action on April 24, 2013, and this Court therefore has jurisdiction, based on federal officer jurisdiction under 28 U.S.C. § 1442(a)(1). Likewise, discovery in this case suggests that Plaintiffs' claims against Northrop stem from an alleged exposure to military equipment supplied to the United States Air Force pursuant to the Air Force's precise specifications and under the Air Force's direction and control.

7. Once United Technologies removed under 28 U.S.C. § 1442, no reason existed to prohibit other defendants, like Northrop, from demonstrating this Court's mandatory jurisdiction. *See Wright v. A.W. Chesterton Co. Inc.*, No. C07-05403, 2008 WL 512728, at *1 n.1 (N.D. Cal. Feb. 25, 2008).

## Grounds for Removal

8. Jurisdiction under the Federal Officer Removal Statute (28 U.S.C. § 1442) may be invoked unilaterally by any defendant. *See Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314-15 (9th Cir. 1981).

9. A defendant may invoke this Court's jurisdiction where it is (i) a person; (ii) "'acting under' the United States, its agencies, or its officers"; (iii) defending a suit "for or relating to any act under color of such office"; and (iv) having a "colorable defense" to liability. *See Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180-81 (7th Cir. 2012) (internal quotations omitted).

4

10. The requirement that Northrop demonstrate a colorable defense does not mean that it must show this defense is "guaranteed to prevail." *Harris v. Rapid American Corp.*, 523 F. Supp. 2d 1001, 1004 (N.D. Ill. 2007). At this preliminary stage, Northrop may establish a colorable defense with circumstantial evidence that the Air Force had "complete control and design of every equipment" or "the nature of warnings issued," and that contractors, such as Northrop "were not allowed to deviate from those specifications." *Id.* at 1005 (denying a motion to remand where the removing defendants supplied affidavits regarding military requirements for equipment manufacture). "It is the sufficiency of the facts stated — not the weight of the proof presented — that matters. For policy reasons, Congress has erected a road to federal court for litigants who can invoke a federal defense. It is not the Court's role to impose judicially created tolls on those who seek to travel on it." *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 782 (E.D. Pa. 2010).

11. Northrop is a person under the Federal Officer Removal Statute. *See Ruppel* at 1181 (holding that corporations are people for purposes of the statute).

12. Plaintiffs claims appear to stem from Mr. Addison's work with military aircraft during his service in the United States Air Force between 1973 and 1993.[1]

13. Northrop companies have supplied a wide variety of military aircraft pursuant to contracts with the United States government. These aircraft, including all equipment and materials, were designed and manufactured pursuant to precise

---

[1] Plaintiffs' allegations do not identify the product claimed to have been manufactured, sold, distributed, or installed by Northrop, nor the period during which Mr. Addison was exposed to any product claimed to be Northrop's. Thus, the Complaint makes this allegation only broadly. The Responses to Interrogatories, while still vague about the products at issue, suggest that Mr. Addison maintained military aircraft during his service in the Air Force.

specifications provided by the United States. Accordingly, Northrop "worked hand-in-hand with the government, assisting the federal government in building" aircraft. "'Acting under' covers situations, like this one, where the federal government uses a private corporation to achieve an end it would have otherwise used its own agents to complete." *See id.*

14. Moreover, the "gravamen of the claim against [Northrop] occur[red] while it acted under color of federal authority." *See id.* (finding the necessary causal connection to establish this third element of removal where a company manufactured and installed the products alleged to contain asbestos on Navy warships). Specifically, Plaintiffs' claims relate to military aircraft during Mr. Addison's service in the United States Air Force, and Northrop has supplied aircraft to the Air Force under the color of federal authority.

15. As to Northrop's "colorable defense," the Seventh Circuit recently reiterated that the government contractor defense is available to companies, like Northrop, that design, manufacture, and supply products to the military that are alleged to contain asbestos. *See id.* at 1183. "The government contractor defense… *immunizes* government contractors from state tort law when the government had a hand in the defendant's allegedly defective design." *Id.* (emphasis added).

16. Indeed, Northrop's government contractor defense has been described as derivative sovereign immunity. The government contractor defense is uniquely federal in nature and thus displaces state law and is governed by federal common law. *See Boyle v. United Tech. Corp.*, 487 U.S. 500, 505, n.1 (1988) ("[T]he liability

6

of independent contractors performing work for the Federal Government, like the liability of federal officials, is an area of uniquely federal interest."); *see also Oliver v. Oshkosh Truck Corp.*, 96 F. 3d. 992, 997 (7th Cir. 1996) (quoting *Boyle* for the proposition that there is a "significant conflict" between state law that would hold government contractors liable for design defects in military equipment and the "uniquely federal interest" in immunizing "the trade-off between greater safety and greater combat effectiveness").

17. Plaintiffs' claims against Northrop are therefore affirmatively barred. *See Ruppel*, 701 F.3d 1176 (reaffirming the government contractor defense). Military equipment manufacturers like Northrop cannot be held liable under state law for any injuries caused by the equipment it built for the U.S. military when: (a) the United States approved reasonably precise specifications; (b) the equipment conformed to these specifications; and (c) the equipment supplier warns the military about any hazards involved in the use of the equipment that are known to the equipment supplier but not known to the military. *See Boyle*, 487 U.S. 500 at 512; *see also Oliver*, 96 F. 3d at 997-998. "The contractor's duty to warn under the third prong of Boyle extends only to those dangers in the use of the equipment which are unknown to the government." *Sundstrom v. McDonnell Douglas Corp.*, 816 F.Supp. 587, 590 (N.D.Cal. 1993).

18. The record here shows that products in use during Mr. Rekow's service in the Air Force were designed and manufactured pursuant to precise military specifications. (*See* Ex. B ¶¶ 7-9, 12-13, 16.) Work that Northrop performed such

7

aircraft would have conformed to those specifications, (*see* Ex. B ¶¶ 7, 14), and, to the extent that asbestos was known at the time to be a hazardous material, the government's knowledge of those hazards was superior to that of Northrop. *See Niemann v. McDonnell Douglas Corp.*, 721 F. Supp. 1019, 1027-28 (S.D. Ill. 1989) (finding that the government was aware of any asbestos-related hazardous during the 1940's and 1950's); *see also Nesbiet v. Gen. Elec. Co.*, 399 F. Supp. 2d 205, 212 (S.D.N.Y. 2005) (finding that the military's knowledge of the dangers of asbestos was state-of-the-art). Further, Northrop did not have the authority to substitute parts or products that the Air Force specified it must use. (*See* Ex B ¶¶ 9, 13, 15-16.)

19. The question of whether Northrop is entitled to invoke the protections of the military contractor defense is a federal question under 28 U.S.C. § 1331. *See Boyle*, 487 U.S. at 505.

20. Further, the existence of a *single* removable claim allows removal of the entire action. *See* 28 U.S.C. § 1441(c); *Ruppel*, 701 F.3d at 1182 (noting that a plaintiff's failure-to-warn and use-of-asbestos claims must be analyzed independently).

21. The claims against Northrop are independently defendable under the government contractor defense. Plaintiffs' allegations in the Complaint make clear that this is not merely a "failure to warn" case, but rather Plaintiffs have also alleged use-of-asbestos claims. Specifically, the Complaint alleges:

8

The Defendants failed to exercise ordinary care and caution for the safety of the Plaintiff in one or more of the following respects:

(a) Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons working with or around them would inhale asbestos fibers;

(b) Included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic poisonous and highly deleterious effect upon the health of persons inhaling them;

(c) Included asbestos in their products when adequate substitutes for the asbestos in them were available;

(d) Failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling the asbestos fibers contained in them;

(e) Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling the asbestos fibers in them; and [sic.]

(f) Failed to conduct tests on the asbestos containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers might be exposed while working with the products.

(g) Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

(Complaint, Count I, ¶ 10.)

22. The allegations in (a), (b), and (c) "plainly allege liability based on the mere use of asbestos." *See Ruppel*, 701 F.3d at 1183 (finding that a complaint with

9

nearly identical language to that quoted above alleged both "use-of-asbestos" and "failure-to-warn" claims).

23. Even as to the warning claims, Northrop has a colorable defense under the federal officer jurisdiction statute. The government contractor defense precludes liability for the failure-to-warn claim if (i) the government "exercised its discretion and approved certain warnings"; (ii) Northrop provided the government's required warnings; and (iii) Northrop "warned the government about dangers in the equipment's use that were known to [Northrop] but not to the government." *See id.* at 1185 (internal quotations omitted).

24. Expert testimony based on personal knowledge regarding the Air Force's requirements for aircraft, (*see generally* Ex. B), as well as other authority, shows that these aircraft would have been required to be manufactured to conform to precise military specifications. Northrop was unable to make substitutions or deviate from the Air Force's specifications, and that the government's knowledge of any asbestos-related hazards was equivalent to or surpassed that of Northrop. (*See* Ex. B ¶¶ 9, 13, 15-16; *see also Niemann*, 721 F. Supp. at 1027-28.). In other words, Northrop's government contractor defense is more than colorable.

25. Northrop reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

26. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all parties and filed with the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

10

27. Should Plaintiffs file a motion to remand this case, Northrop respectfully requests an opportunity to respond more fully in writing, including the submission of further affidavits and additional authorities.[2]

**WHEREFORE**, Defendant Northrop Grumman Corporation notes the removal of this action to this Court on April 24, 2013, and requests that this action proceed in this Court as a properly removed action, even if the original removing party is dismissed.

Date: May 3, 2013                                   Respectfully Submitted,

NORTHROP GRUMMAN CORPORATION

By:   /s/Donald J. Dahlmann
DONALD J. DAHLMANN #00569267
LESLIE G. OFFERGELD #06196737
Walker & Williams, P.C.
4343 West Main Street
Belleville, Illinois 62223
618.277.1000

---

[2] Also, because the allegations do not specify the manufacturer or seller of some or all of the products allegedly at issue, Northrop also requests a further opportunity to respond if necessary and at an appropriate time after Plaintiffs have identified the Northrop product(s) claimed to have caused Mr. Addison's alleged injury.

## PROOF OF SERVICE

      I hereby certify under penalties as provided under 28 U.S.C. Sec. 1746 that on May 3, 2013, I electronically filed the foregoing with the United States District Court for the Southern District of Illinois using the CM/ECF System which will serve such filing(s) upon the following:

All known counsel of record

                                              /s/Donald J. Dahlmann