**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

EDGAR LEE ADDISON and        :
JOSEPHINE TORRES ADDISON     :     C.A. No.:     12-L-000806
                                 :
           Plaintiffs,           :
                                 :
    v.                              :
                                 :
CBS CORPORATION; et al.,          :
                                 :
           Defendants.         :
                                 :

**DEFENDANT UNITED TECHNOLOGIES CORPORATION'S**
**DECLARATION OF CT CORPORATION SYSTEM**

I, Christopher Tilton, declare as follows:

1.      I am over the age of 18 years and am competent to testify to the facts set forth in this declaration. I have personal knowledge of the facts contained in this declaration.

2.      I am employed by CT Corporation System, located at 111 Eighth Avenue, 13th Floor, New York, New York 10011 as the Senior Corporate Operations Manager. As part of my job duties, I oversee the service of process team in the New York office and assure all records logged, recorded and maintained are accurate. As such, I have intimate knowledge of the logs and records that CT Corporation System maintains.

2.      CT Corporation System is the authorized agent for service of process for United Technologies Corporation.

3.      Based on the logs and records of CT Corporation System, on August 1, 2012, CT Corporation System took service on behalf of United Technologies Corporation of the following documents in the matter of *Edgar Lee Addison and Josephine Torres Addison v. CBS Corporation, et al.*, filed in Madison County, Third Judicial Circuit Court, Illinois, bearing Case

No. 2012L000806:  Summons and Original Complaint.  A true and correct copy of all documents we received is attached hereto as Exhibit A.

4.       CT Corporation received no other documents in the instant action.


I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.  Executed this 14 th day of June, 2013, in *New York, NY*         .


By:  _____

       _____, Declarant


Tamika M. Leonard
Notary Public, State of New York
No. 01LE6001707
Qualified in New York County
Commission Expires June 13, 2014

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

EDGAR L. ADDISON, ET AL.

                                          No. 2012L000806

                Plaintiff,

                    v.

CBS CORPORATION, A DELAWARE CORP. F/K/A VIACOM INC., SUCCESSOR BY
MERGER TO CBS CORP., A PENNSYLVANIA CORP. F/K/A WESTNGHOUSE ELECTRIC
CORP., ET, AL.

                Defendants.

**DEFENDANT:**        UNITED TECHNOLOGIES CORP.

**SERVE:**              **NICK NIKNEHADI**
                    **821 DANIEL DRIVE**
                    **MARYVILLE, IL 62062**

        You are summoned and required to file an answer in this case, or otherwise file your
appearance, in the office of the clerk of the Madison County Circuit Clerk, within 30 days after
service of this summons, exclusive of the day of service. If you fail to do so, a judgment or
decree by default may be taken against you for the relief prayed in the complaint.

        This summons may not be served later than 30 days after its date.

| WITNESS: JUDY NELSON, the Clerk of the Circuit Court and the seal thereof at Edwardsville, Illinois.     Jul 11, 2012 |
|---|
| JUDY NELSON - Clerk of the Circuit Court |
| *Amy A. May* |
| Deputy Clerk |

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)
NAPOLI BERN RIPKA SHKOLNIK LLP
Attorneys for Plaintiff
241 North Main Street
Edwardsville, Illinois 62025
(618) 364-8176
                Date of Service: _____, 2012.
                (To be inserted by officer on the copy left with the defendant or other person)

***EFILED***
Case Number 2012L 000806
LexisNexis Transaction ID: 44708879
Date:  Jun  8 2012 12:44PM
Matt Melucci
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

EDGAR LEE ADDISON and )
JOSEPHINE TORRES ADDISON, )
)
    Plaintiffs, )
)   ASBESTOS
      v. )
)   Case No. 12-L-
CBS CORPORATION, A DELAWARE )
    CORP. f/k/a VIACOM INC., )
    successor by merger to CBS CORP., )
    A PENNSYLVANIA CORP. f/k/a )
    WESTINGHOUSE ELECTRIC )
    CORP.; )
CERTAINTEED CORPORATION; )
CRANE CO.; )
FORD MOTOR COMPANY; )
GARDNER-DENVER, INC.; )
GENERAL ELECTRIC COMPANY; )
GENUINE PARTS COMPANY; )
GEORGIA PACIFIC, LLC f/k/a )
    GEORGIA-PACIFIC )
    CORPORATION; )
HONEYWELL INTERNATIONAL, )
    INC. f/k/a ALLIEDSIGNAL, INC. )
    f/k/a THE BENDIX )
    CORPORATION; )
IMO INDUSTRIES, INC. Individually as )
    successor in interest to DELAVAL )
    STEAM TURBINE. INC; )
JOHN CRANE, INC.; )
KIMBERLY-CLARK CORPORATION; )
MANNINGTON MILLS, INC.; )
MCDONNELL DOUGLAS )
    CORPORATION; )
NATIONAL AUTOMOTIVE PARTS )
    ASSOCIATION; )
NORTHROP-GRUMMAN )
    CORPORATION; )
OAKFABCO, INC., f/k/a KEWANEE )
    BOILER CORP.; )
PNEUMO ABEX CORPORATION; )

Page 1 of 22

RAPID AMERICAN CORPORATION,               )
    Individually and as successor-in-      )
    interest to the PHILIP CAREY           )
    CORPORATION;                           )
RAYPAK, INC. (a wholly owned              )
    subsidiary of RHEEM                    )
    MANUFACTURING CO.);                    )
RAYTHEON AIRCRAFT CO.;                    )
RILEY STOKER CORPORATION;                 )
SUPERIOR BOILER WORKS, INC.;              )
TEXTRON, INC.;                            )
UNION CARBIDE CORPORATION;                )
UNITED TECHNOLOGIES CORP.;                )
                                           )

    Defendants.

## ORIGINAL COMPLAINT

## COUNT I

### NEGLIGENCE COUNT AS TO MANUFACTURERS OF ASBESTOS PRODUCTS

COMES NOW the Plaintiff, EDGAR LEE ADDISON, by his attorneys, Napoli Bern

Ripka Shkolnik LLP, and for his cause of action against the Defendants, state:

1.      The Plaintiff, EDGAR LEE ADDISON, worked as laborer, longshoreman,

railroad laborer, and papermill worker from 1970 to 1973 before entering the U.S. Air Force in

1973. He was employed by St. Joe Stevedore and St. Joe Railroad in Port St. Joe, FL from 1970

to 1973; Arizona Chemical in Port St. Joe, FL from 1971 to 1973; St. Joe Paper Co. from May to

August of 1973; and the U.S. Air Force in various FL military bases from 1973 through 1993.

2.      Plaintiff EDGAR LEE ADDISON also performed automotive maintenance and

repairs on his personal vehicles from 1970 to the present, including the replacement of brakes,

clutches, and gaskets.

3.     Plaintiff EDGAR LEE ADDISON experienced occupational and bystander asbestos exposure as a result of direct contact with Defendants' asbestos-containing products. Plaintiff experienced occupation and bystander exposure when he performed residential and automotive repairs throughout his life.

4.     Plaintiff EDGAR LEE ADDISON was exposed to and inhaled asbestos fibers emanating from certain products he was working with and around, which were manufactured, sold, distributed or installed by the Defendants:  CBS CORPORATION, A DELAWARE CORP. f/k/a VIACOM INC., successor by merger to CBS CORP., A PENNSYLVANIA CORP. f/k/a WESTINGHOUSE ELECTRIC CORP.; CERTAINTEED CORPORATION; CRANE CO.; FORD MOTOR COMPANY; GARDNER-DENVER, INC.; GENERAL ELECTRIC COMPANY;GENUINE PARTS COMPANY; GEORGIA PACIFIC, LLC f/k/a GEORGIA-PACIFIC CORPORATION; HONEYWELL INTERNATIONAL, INC. f/k/a ALLIEDSIGNAL, INC. f/k/a THE BENDIX CORPORATION; IMO INDUSTRIES, INC. Individually as successor in interest to DELAVAL STEAM TURBINE. INC; JOHN CRANE, INC.; KIMBERLY-CLARK CORPORATION; MANNINGTON MILLS, INC.; MCDONNELL DOUGLAS CORPORATION; NATIONAL AUTOMOTIVE PARTS ASSOCIATION; NORTHROP-GRUMMAN CORPORATION; OAKFABCO, INC., f/k/a KEWANEE BOILER CORP.; PNEUMO ABEX CORPORATION; RAPID AMERICAN CORPORATION; RAYPAK, INC. (a wholly owned subsidiary of RHEEM MANUFACTURING CO.); RAYTHEON AIRCRAFT CO.; RILEY STOKER CORPORATION; SUPERIOR BOILER WORKS, INC.; TEXTRON, INC.; UNION CARBIDE CORPORATION; UNITED TECHNOLOGIES CORP.

Page **3** of **22**

5.     At all times herein set forth, the Defendants' products were being employed in the manner and for the purposes for which they were intended.

6.     EDGAR LEE ADDISON's exposure to and inhalation of the asbestos fibers emanating from the above-mentioned products were completely foreseeable and could or should have been anticipated by the Defendants.

7.     The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling them.

8.     That on or about June 25, 2010 Plaintiff first became aware that he had developed lung cancer and at a later date learned that said disease was wrongfully caused.

9.     At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around the products of the Defendants containing asbestos.

10.    The Defendants failed to exercise ordinary care and caution for the safety of the Plaintiff in one or more of the following respects:

       (a) Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons working with or around them would inhale asbestos fibers;

       (b) Included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling them;

       (c) Included asbestos in their products when adequate substitutes for the asbestos in them was available;

(d)  Failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling the asbestos fibers contained in them;

(e)  Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling the asbestos fibers in them; and

(f)  Failed to conduct tests on the asbestos containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers might be exposed while working with the products.

(g)  Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

11.   That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop lung cancer; Plaintiff has been compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of Plaintiff's asbestos-induced disease and conditions; Plaintiff has experience, and will continue to experience now and in the future, great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the Plaintiff has been hindered, and will continue to be hindered now and in the future, from pursuing his normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and his estate; further, by reason of the sickness of the Plaintiff, his family has been deprived, and will continue to be deprived, of his means of support and society.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries.

## COUNT II

### WILLFUL AND WANTON

COMES NOW the Plaintiff, EDGAR LEE ADDISON, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action against the Defendants, state:

1. - 11.  Plaintiffs repeat and reallege Paragraphs 1 - 11 of Count I as and for Paragraphs 1 - 11 of this Count II.

12.    Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

(a)  Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons working with or around them would inhale asbestos fibers;

(b)  Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling them;

(c)  Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in the products when adequate substitutes for the asbestos in them was available;

(d)  Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling the asbestos fibers in them;

(e)  Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate instructions concerning the safe methods of working with and around the products,

including specific instructions on how to avoid inhaling the asbestos fibers in them; and

(f) Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to conduct tests on the asbestos containing products manufactured, sold or delivered by the Defendants in order to determine the hazards to which workers might be exposed while working with the products and/or conspired with others to conceal the results of such tests.

(g) Intentionally or with a reckless disregard for the safety of the Plaintiff, designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

13.     Plaintiffs repeat and reallege Paragraph 9 of Count I as and for Paragraphs 10 of this Count II.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries.

## COUNT III

### NEGLIGENT SPOLIATION OF EVIDENCE

COMES NOW the Plaintiff, EDGAR LEE ADDISON, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action against the Defendants, state:

1.      Prior to the commencement of this case, Defendants had in their respective possession, custody and control documents and information relating to issues in this case.

2.      Upon information and belief, said issues include, but are not limited to: the identification of asbestos-containing products to which Plaintiff was exposed, the locations to, and at, which defendants sold, distributed and applied asbestos-containing products; the identity

of the manufacturers and others in the distribution chain of said products; and, defendants'

knowledge, notice and information regarding the hazards of asbestos and whether or not they

were negligent.

3.     It was foreseeable to a reasonable person/entity in the respective positions of

Defendants that said documents and information constituted evidence, which was material to

potential civil litigation-namely, asbestos litigation.  Said defendants had a duty to maintain and

preserve said documents and information because they knew or should have known that said

documents and information were material evidence in potential asbestos litigation.

4.     Plaintiff has sought, but been unable to obtain, full disclosure of relevant

documents and information from Defendants, leading to the inference that Defendants destroyed

and otherwise disposed of said documents and information.

5.     Said defendants and each of them breached their duty to preserve said material

evidence by destroying and otherwise disposing of said documents and information, at a time

when they and each of them knew or should have known that the same constituted material

evidence in potential civil litigation.

6.     As a direct and proximate result of said destruction and disposal of material

evidence, Plaintiff has been prejudiced and impaired in proving claims against all potentially

liable parties, including, but not limited to, said defendants and, as a further result thereof, has

been compelled to dismiss and/or unfavorably compromise said claims against other defendants.

7.     As a result of this prejudice and impairment, Plaintiff has been caused to suffer

damages in the form of impaired ability to recover against Defendants and lost or reduced

compensation from other potentially liable parties in this litigation.

WHEREFORE, Plaintiff prays this Court to enter judgment against Defendants and to award compensatory damages in an amount to be proved at trial, but believed to exceed FIFTY THOUSAND ($50,000.00) DOLLARS and for such other and further relief that his Court deems appropriate.

## COUNT IV

### WILLFUL AND WANTON SPOLIATION OF EVIDENCE

COMES NOW the Plaintiff, EDGAR LEE ADDISON, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action against the Defendants, state:

1.      Plaintiff herein incorporates by reference paragraphs 1-7 of Count III.

2.      In destroying and disposing of said material evidence, said defendants and each of them acted intentionally and/or in reckless disregard of their duty to preserve the same.

3.      As a direct and proximate result of said destruction and disposal of material evidence, Plaintiff has been prejudiced and impaired in proving claims against all potentially liable parties, including, but not limited to, said defendants and, as a further result thereof, has been compelled to dismiss and/or unfavorably compromise said claims against other defendants.

4.      As a result of this prejudice and impairment, Plaintiff has been caused to suffer damages in the form of impaired ability to recover against Defendants and lost or reduced compensation from other potentially liable parties in this litigation.

WHEREFORE, Plaintiff prays this Court to enter judgment against Defendants and to award:  compensatory damages in an amount to be proved at trial, but believed to exceed $50,000 and punitive damages in an amount sufficient to punish Defendants for their misconduct and to deter similarly situated parties from committing like acts of misconduct in the future; and for such other and further relief that this Court deems appropriate.

## COUNT V

### STRICT LIABILITY/ULTRA-HAZARDOUS ACTIVITY

COMES NOW, the Plaintiff, EDGAR LEE ADDISON, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action against the Defendants state:

1.      Defendants' premises at which Plaintiff worked and frequented at all times relevant hereto.

2.      Plaintiff was present on said premises of Defendants as an employee and/or independent contractor, and Plaintiff was present on said premises.

3.      While present upon the above-named premises of Defendant, Plaintiff was exposed to asbestos fiber emanating from asbestos containing materials and raw asbestos present and being used at said premises by Plaintiff and others. Plaintiff was exposed to and inhaled, ingested or otherwise absorbed the asbestos fibers.

4.      As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Plaintiff contracted lung cancer.

5.      The latency period for asbestos related diseases is in excess of any potentially applicable repose period for filing a workers' compensation or administrative occupational disease claim.

6.      Plaintiff's exposure to and inhalation, ingestion and/or absorption of said asbestos fibers was foreseeable and could or should have been anticipated by Defendant and each of them.

7.      Defendant knew or should have known that exposure to asbestos fibers posed an unreasonable risk of harm to Plaintiff and others similarly situated.

8.     Defendant's use of asbestos-containing products and raw products at the above-named facilities, in a manner causing the release of asbestos fibers, constituted an ultra-hazardous activity.  Defendant is strictly liable for injuries caused by such activity, regardless of the amount care exercised.

9.     That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop lung cancer; the Plaintiff has been, and in the future will be, compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; the Plaintiff has and will continue to experience great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the Plaintiff has been and will continue to be hindered and prevented from pursuing his normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and his estate; further, his family has been deprived of his means of support and has lost the society of the Plaintiff.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff 's injuries.

### COUNT VI

### NEGLIGENCE

COMES NOW, the Plaintiff, EDGAR LEE ADDISON, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action against the Defendants state:

Page **11** of **22**

1-9.    Plaintiff repeats and realleges Paragraph 1-9 of Count V as Paragraph 1-8 of this Count VII.

10.    Plaintiff was unaware and had no reasonable way to know or realize the risks of being exposed to asbestos.  Defendants should have anticipated that Plaintiff did not know and would not discover or realize the risks of being exposed to asbestos fibers.

11.    Defendants had a duty to use ordinary care to see that the premises, at which Plaintiff was rightfully present, were in a reasonably safe condition for use by the Plaintiff and to use ordinary care for the safety of Plaintiff in conducting any operations or activities on said premises.

12.    Defendants breached their duties to Plaintiff and were negligent in one or more of the following respects:

(a)    Specified/required the use/application/removal of asbestos-containing materials by Plaintiff, and others, including co-workers of Plaintiff and outside contractors, in the vicinity of Plaintiff and/or in areas in which Plaintiff performed work;

(b)    Required Plaintiff to perform work in the vicinity of those using/applying/removing asbestos-containing materials;

(c)    Purchased/provided asbestos-containing materials for purposes of application at the above-named premises;

(d)    Failed to replace asbestos-containing materials at the premises with non-asbestos substitutes, which Defendant knew or should have known were available;

(e)    Failed to warn Plaintiff that he was working with and/or around asbestos-containing materials and of the risks associated therewith, including that Plaintiff was being exposed to asbestos fibers and of the adverse health effects of such exposure;

(f)    Failed to require and/or advise Plaintiff, other employers and/or outside contractors to use safety equipment and practices designed to reduce the release of asbestos fibers and/or exposure to asbestos;

(g)    Failed to require and/or advise its employees including Plaintiff of hygiene practices designed to reduce and/or prevent carrying asbestos fibers home; and,

(h)    Failed to provide equipment designed to contain asbestos fibers and reduce the risks of exposure to asbestos.

13.    As a direct and proximate result of one or more of the foregoing acts and/or omissions by Defendants, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, causing Plaintiff to develop the aforementioned asbestos-related disease.

14.    That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop lung cancer; the Plaintiff has been and will in the future be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; the Plaintiff has and will continue to experience great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the Plaintiff has been and will continue to be hindered and prevented from pursuing his normal course of employment, thereby losing large sums of monies which otherwise would have accrued to his and his estate; further, by reason of the Plaintiff's illness, his family has been deprived of his means of support and has lost the society of the Plaintiff.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries.

Page 13 of 22

## COUNT VII

## WILLFUL AND WANTON MISCONDUCT/PUNITIVE DAMAGES

Plaintiff for his further cause of action against Defendant named in Count VI alleges as follows:

    1.    Plaintiff herein incorporates by reference paragraphs 1 - 14 of Count VI of this Complaint.

    2.    Defendant breached its duties to Plaintiff and acted willfully, wantonly, intentionally and/or in reckless disregard for Plaintiff safety and health in one or more of the following respects:

    (a)    Intentionally or with a reckless disregard for the safety of Plaintiff, specified/required the use/application/removal of asbestos-containing materials by Plaintiff, and others, including co-workers of Plaintiff and outside contractors, in the vicinity of Plaintiff and/or in areas in the vicinity of Plaintiff and/or in areas in which Plaintiff performed work;

    (b)    Intentionally or with a reckless disregard for the safety of Plaintiff, required Plaintiff to perform work in the vicinity of those using/applying/removing asbestos-containing materials;

    (c)    Intentionally or with a reckless disregard for the safety of Plaintiff, purchased/provided asbestos-containing materials for purposes of application at the above-named premises;

    (d)    Intentionally or with a reckless disregard for the safety of Plaintiff, failed to replace asbestos-containing materials at the premises with non-asbestos substitutes, which Defendants knew or should have known were available.;

(e)     Intentionally or with a reckless disregard for the safety of Plaintiff, failed to warn Plaintiff that they were working with and/or around asbestos-containing materials and of the risks associated therewith, including that Plaintiff were being exposed to asbestos fibers and of the adverse health effects of such exposure;

(f)     Intentionally or with a reckless disregard for the safety of Plaintiff, failed to require and/or advise Plaintiff, other employers and/or outside contractors to use safety equipment, protective devices and practices designed to reduce the release of asbestos fibers and/or exposure to asbestos;

(g)     Intentionally or with a reckless disregard for the safety of Plaintiff, failed to require and/or advise its employees including Plaintiff of hygiene practices designed to reduce and/or prevent carrying asbestos fibers home; and,

(h) Intentionally or with a reckless disregard for the safety of Plaintiff, failed to provide equipment designed to contain asbestos fibers and reduce the risks of exposure to asbestos.

3.     As a direct and proximate result of one or more of the foregoing willful, wanton, intentional and/or reckless acts and/or omissions by Defendant, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, causing him to develop the aforementioned asbestos-related disease for which Plaintiff is entitled to recover compensatory damages, as prayed above.

4.     In addition to compensatory damages, an award of punitive damages is appropriate and necessary in order to punish Defendant for its willful, wanton, intentional and/or reckless misconduct and to deter Defendant and others similarly situated from engaging in like misconduct in the future.

Page **15** of **22**

WHEREFORE, Plaintiff prays judgment against Defendant for compensatory damages and for punitive damages in an amount sufficient to punish Defendant for its willful, wanton, intentional and/or reckless misconduct and to deter Defendant and others similarly situated from engaging in like misconduct in the future.

## COUNT VIII NEGLIGENCE

Plaintiff, EDGAR LEE ADDISON, for his cause of action against Defendants, alleges as follows:

1.     Defendants owned, operated and/or controlled the premises where plaintiff was lawfully present at all relevant times.

2.     Plaintiff was employed by Defendant and worked at said premises during Plaintiff's lifetime, and Plaintiff was present at premises.

3.     The latency period for asbestos related diseases is in excess of any potentially applicable repose period for filing a workers compensation or administrative occupational disease claim.

4.     While present upon said premises, Plaintiff exposed to and inhaled, ingested or otherwise absorbed asbestos fiber emanating from asbestos-containing materials present and being used at said premises by Plaintiff and others.

5.     Additionally, asbestos fibers adhered to the person and clothing of Plaintiff and were carried home and otherwise off the premises. While off the premises and outside the course of employment, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers that had adhered to Plaintiff's person and clothing.

6.      Plaintiff's exposure to and inhalation, ingestion and/or absorption of said asbestos fibers was foreseeable and could or should have been anticipated by Defendant, including that Plaintiff would be exposed off the premises and outside the course of employment.

7.      Defendant knew or should have known that exposure to asbestos fibers posed an unreasonable risk of harm to Plaintiff and others similarly situated.

8.      As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Plaintiff suffers from asbestos-related disease(s), including but not limited to Lung cancer. Plaintiff first became aware that he suffered from said disease(s) on or about September 17, 2011 and, subsequently thereto, became aware that the same was wrongfully caused.

9.      Defendant created an unreasonable risk of harm to Plaintiff and others similarly situated by its use of asbestos-containing materials and asbestos at said premises. As a result of creating this risk of harm, Defendant owed a duty to Plaintiff and others similarly situated to use ordinary care in conducting any operations or activities on said premises in a manner designed to minimize or eliminate exposure to asbestos from said premises, including, but not limited to, an affirmative duty to warn of said dangers.

10.     Defendant breached its duties to Plaintiff and was negligent in one or more of the following respects:

    (a)      Specified/required the use/application/removal of asbestos-containing materials by Plaintiff and by others, including co-workers of Plaintiff and outside contractors, in the vicinity of Plaintiff and/or in areas in which Plaintiff performed work;

    (b)      Required Plaintiff to perform work in the vicinity of those using/applying/ removing asbestos-containing materials;

(c)    Purchased/provided asbestos-containing materials for purposes of application at the above-named premises;

(d)    Failed to replace asbestos-containing materials at the premises with non-asbestos substitutes, which Defendant knew or should have known were available;

(e)    Failed to warn Plaintiff that s/he was working with and/or around asbestos-containing materials and of the risks associated therewith, including that Plaintiff was being exposed to asbestos fibers and of the adverse health effects of such exposure;

(f)    Failed to require and/or advise Plaintiff and others, including Plaintiffs coworkers and outside contractors to use equipment and practices designed to reduce the release of asbestos fibers and/or exposure to asbestos;

(g)    Failed to provide equipment and engineering controls designed to contain asbestos fibers and reduce the risks of exposure to asbestos; and,

(h) Failed to require and/or advise its employees of hygiene practices designed to reduce and/or prevent carrying asbestos fibers home.

11.    As a direct and proximate result of one or more of the foregoing acts and/or omissions by Defendant, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers.

12.    As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Plaintiff developed the asbestos-related disease specified herein. As a result, Plaintiff has suffered, and will suffer in the future: disability and disfigurement; expenditures for the cost of healthcare services; physical pain, suffering and mental anguish; impairment in the enjoyment

of recreational/life activities; and, loss of wages and benefits as a consequence of impaired capacity to work.

WHEREFORE, Plaintiff prays this Court to enter judgment against Defendants, to award compensatory damages in an amount to be proved at trial, but believed to exceed FIFTY THOUSAND ($50,000.00) DOLLARS and for such other and further relief that this Court deems appropriate.

## COUNT IX

### WILLFUL AND WANTON MISCONDUCT/PUNITIVE DAMAGES

Plaintiff for his further cause of action against Defendants, alleges as follows:

1.      Plaintiff incorporates by reference paragraphs 1-12 of Count VIII.

2.      Defendant had a duty to see that the premises, at which Plaintiff worked, were in a reasonably safe condition for use by the Plaintiff and to protect Plaintiff from harm in conducting any operations or activities on said premises, including, but not limited to harm arising from said operations/activities but occurring elsewhere.

3.      Defendant breached its duty and acted willfully and wantonly in one or more of the following respects:

(a)      Intentionally or with a reckless disregard for the safety of Plaintiff, specified/required the use/application/removal of asbestos-containing materials by Plaintiff and by others, including co-workers of Plaintiff and outside contractors, in the vicinity of Plaintiff and/or in areas in which Plaintiff performed work;

(b)      Intentionally or with a reckless disregard for the safety of Plaintiff, required Plaintiff to perform work in the vicinity of those using/applying/ removing asbestos-containing materials;

(c)      Intentionally or with a reckless disregard for the safety of Plaintiff, purchased/provided asbestos-containing materials for purposes of application at the above-named premises;

(d)      Intentionally or with a reckless disregard for the safety of Plaintiff, failed to replace asbestos-containing materials at the premises with non-asbestos substitutes, which Defendant knew or should have known were available;

(e)      Intentionally or with a reckless disregard for the safety of Plaintiff, failed to warn Plaintiff that s/he was working with and/or around asbestos-containing materials and of the risks associated therewith, including that Plaintiff was being exposed to asbestos fibers and of the adverse health effects of such exposure;

(f)      Intentionally or with a reckless disregard for the safety of Plaintiff, failed to require and/or advise Plaintiff and others, including Plaintiffs co-workers and outside contractors to use equipment and practices designed to reduce the release of asbestos fibers and/or exposure to asbestos;

(g)      Intentionally or with a reckless disregard for the safety of Plaintiff, failed to provide equipment and engineering controls designed to contain asbestos fibers and reduce the risks of exposure to asbestos; and,

(h) Intentionally or with a reckless disregard for the safety of Plaintiff, failed to require and/or advise its employees of hygiene practices designed to reduce and/or prevent carrying asbestos fibers home.

4.      Defendant as a sophisticated entity, possessed specific knowledge concerning the dangers of asbestos, including, but not limited to, that workers exposed to asbestos fibers will inevitably be harmed in some manner.

Page 20 of 22

5.      The foregoing acts and omission of Defendant constituted a battery upon Plaintiff and others similarly situated and, further, created a strong probability that Plaintiff and others similarly situated would contract an inevitably fatal asbestos-related disease.

6.      As a direct and proximate result of one or more of the foregoing willful, wanton, intentional and/or reckless acts and/or omissions by Defendant, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, causing him to develop the aforementioned asbestos-related disease for which he is entitled to recover compensatory damages, as prayed above.

7.      In addition to compensatory damages, an award of punitive damages is appropriate and necessary in order to punish Defendant for its willful, wanton, intentional and/or reckless misconduct and to deter Defendant and others similarly situated from engaging in like misconduct in the future.

WHEREFORE, Plaintiff prays this Court to enter judgment against Defendants and to award:  compensatory damages in an amount to be proved at trial, but believed to exceed $50,000 and punitive damages in an amount sufficient to punish Defendants for their misconduct and to deter similarly situated parties from committing like acts of misconduct in the future; and for such other and further relief that this Court deems appropriate.

## COUNT X

## LOSS OF CONSORTIUM

COMES NOW the Plaintiff, JOSEPHINE TORRES ADDISON, by her attorneys, Napoli Bern Ripka Shkolnik, LLP, and for her cause of action against the Defendants, states:

1.      Plaintiff incorporates by reference all paragraphs of Counts I – IX.

Page 21 of 22

2.      At all relevant times, and particularly prior to his diagnosis with lung cancer, JOSEPHINE TORRES ADDISON has been and remains the wife of EDGAR LEE ADDISON.

3.      As a direct and proximate result of Defendants' conduct set forth in Counts I - VII and the injury suffered by her husband, EDGAR LEE ADDISON, Plaintiff has suffered, and will suffer in the future, interference with and impairment of their marital relationship and all those elements of married life Plaintiff was accustomed to receiving, including, but not limited to, support, devotion, care, society and consortium.

WHEREFORE, Plaintiff, JOSEPHINE TORRES ADDISON, prays this Court enter judgment in her favor and against these Defendants, jointly and severally, to award compensatory damages in excess of $50,000 and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems appropriate.

NAPOLI BERN RIPKA SHKOLNIK LLP

By:___/s/ Steven M. Aroesty_____
        Steven M. Aroesty (Bar # 6194869)
        241 North Main Street
        Edwardsville, IL 62025
        (618) 307-4528
        SAroesty@NapoliBern.com