## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDGAR LEE ADDISON and | ) | |
| JOSEPHINE TORRES ADDISON, | ) | |
| | ) | No. 3:13-cv-00397-WDS-PMF |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Judge G. Patrick Murphy |
| CBS CORPORATION, et al., *including* | ) | |
| NORTHROP-GRUMMAN CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT NORTHROP GRUMMAN CORPORATION'S
## RESPONSE TO PLAINTIFFS' MOTION TO REMAND

Plaintiffs' Motion to Remand (the "Motion") describes the history of this case only vaguely and therefore sidesteps the true basis for removal in United Technologies Corporation's Notice of Removal (the "Notice of Removal") and Northrop Grumman Corporation's Joinder to that Notice (the "Joinder"). Indeed, Plaintiffs' lack of specificity is characteristic of both the Motion and the underlying Complaint. Ultimately, Plaintiffs abandon factual analysis and rely instead on pages of case law to establish a non-controversial point: defendants have 30 days to remove a case once it may be ascertained that the case is removable. *See* 28 U.S.C. § 1446(b)(3). Having joined in United Technologies' Notice, Northrop Grumman also files this Response to Plaintiffs' Motion to address Plaintiffs' mischaracterizations.

Plaintiffs' Motion relies on a single, mistaken factual conclusion. Plaintiffs state that the Complaint[1] provided "factual information" to United Technologies and Northrop Grumman "that Plaintiff was serving in the Navy [*sic*.] when he was exposed to Defendants' products."[2]

---

[1] Plaintiffs repeatedly refer to an "Initial Fact Sheet" in their Memorandum in Support of the Motion. Although Plaintiffs attached the Complaint as Exhibit C to the Memorandum, no Initial Fact Sheet was attached. Northrop Grumman is unaware of any Initial Fact Sheet, and did not receive any such document when it was served with the Complaint.

[2] Mr. Addison allegedly served in the Air Force, not the Navy.

Plaintiffs conclude that "it is this very same information about *where the exposure took place* that Defendants rely upon for their basis for removal." (*See* Dkt. Entry # 18, the "Memorandum," at 9 (emphasis added).) This conclusion is wrong in two ways. First, the Complaint did not contain "factual information" that would put the numerous defendants on notice that the claims were removable. Second, United Technologies and Northrop Grumman relied on precise information about Mr. Addison's *duties* in the Air Force to establish federal jurisdiction, not just "where the exposure took place." This precise information was not included in the Complaint, but rather was first provided on March 27, 2013, 28 days before United Technologies removed.

First, Plaintiffs' Complaint alleges that Mr. Addison entered the Air Force in 1973, and was employed in the Air Force "in various FL military bases from 1973 through 1993." Mr. Addison also claims to have worked for at least three other employers. (*See* Memorandum Ex. A at ¶ 1.) Without particulars, Plaintiffs then allege that Mr. Addison was exposed to asbestos "emanating from *certain* products… manufactured, sold, distributed or installed by" a list of over 20 defendants. (*See* id. at ¶ 4 (emphasis added).) None of the defendants are tied (a) to any product, or (b) to any jobsite or employer. Nor does the Complaint describe any of Mr. Addison's duties while serving in the Air Force. (*See* id. at ¶ 1.) Contrary to Plaintiffs' argument, the Complaint does not make it clear that Mr. Addison was ever exposed to military aircraft.

Second, Plaintiffs ignore the clear statements in both the Notice and Joinder that it was Mr. Addison's activities, and not just his military service, that put United Technologies and Northrop Grumman on notice that the case was removable. (*See* Notice ¶ 4 ("exposed to asbestos-containing products and machinery *during the course of his aircraft maintenance duties*") (emphasis added)); Joinder ¶ 4 ("Only with the service of Plaintiffs' Responses to Interrogatories… did Northrop become aware that Plaintiffs claim that Mr. Addison was exposed

to asbestos during *maintenance that he allegedly performed on military aircraft*.") (emphasis added).) As described above, the Complaint was bereft of this and other facts. Plaintiffs' discovery responses, though they still fail to identify any specific products, at least suggest that "aircraft maintenance" was among the activities in the Air Force that might have exposed Mr. Addison to asbestos. (*See* Notice Ex. B, Responses 5 and 11). Clearly, this is not the "same information" being "repeated in a discovery response." (*See* Memorandum 9.) In short, Plaintiffs' discovery responses, on March 27, 2013, were the first "paper" – to use Plaintiffs' term – to put the defendants on notice that the claims involved military aircraft.

In the end, Plaintiffs' Motion is narrow. It does not argue that the Court lacks subject matter jurisdiction over this case. It does not argue that the Notice was filed too late based on the first paper that put defendants on notice that Mr. Addison performed aircraft maintenance. Instead, it mischaracterizes the basis for removal and argues that an allegation regarding military service, alone, makes an asbestos exposure case removable under the Federal Officer Removal Statute, 28 U.S.C. § 1442. Yet United Technologies and Northrop Grumman must assert a *colorable* government contractor defense to remove a case. (*See* Notice ¶ 12; Joinder ¶ 9 (citing *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180-81 (7th Cir. 2012).)

Here, it is the *why*, and not simply the *where*, that matters. In other words, the Complaint's allegation regarding military service, alone, was not enough. Thus, United Technologies properly removed within 30 days of learning that Mr. Addison allegedly performed aircraft maintenance on military aircraft, and Northrop Grumman properly joined United Technologies' Notice. Northrop Grumman therefore respectfully requests that this Court deny Plaintiffs' Motion and retain jurisdiction over this case.

Date: June 25, 2013                              **WALKER AND WILLIAMS, P.C.**

                         **By:**   /s/Donald J. Dahlmann
                                  **Donald J. Dahlmann #00569267**
                                  **Walker & Williams, P.C.**
                                  **4343 West Main Street**
                                  **Belleville, Illinois 62226**
                                  **(618) 277-1000**
                                  **Fax (618) 233-1637**
                                  **djd@wawpc.net**
                                  **Attorney for Defendant**

### PROOF OF SERVICE

       I hereby certify under penalties as provided under 28 U.S.C. Sec. 1746 that on June 25, 2013, I electronically filed the foregoing with the United States District Court for the Southern District of Illinois using the CM/ECF System which will serve such filing(s) upon the following:

All known counsel of record

                                            /s/Donald J. Dahlmann