IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDGAR LEE ADDISON and JOSEPHINE TORRES ADDISON, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 13-397-GPM ) ) |
| CBS CORP., et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion to remand filed by Plaintiffs Edgar and Josephine Addison (Doc. 17). As further explained below, Plaintiffs' motion to remand (Doc. 17) is granted because removal was untimely.

## BACKGROUND

Plaintiffs Edgar and Josephine Addison originally filed this asbestos personal injury action in the Circuit Court of the Third Judicial Circuit in Madison County, Illinois on June 8, 2012 (Doc. 2-2). Plaintiffs alleged state law causes of action against numerous Defendants based on Mr. Addison's purported exposure to asbestos-containing products (Doc. 2-2). Defendant, United Technologies Corporation ("UTC"), was served with the complaint on August 1, 2012 (Doc. 18-3). Defendant, Northrop-Grumann Corporation ("Northrop") was served with the complaint on July 30, 2012 (Doc. 18-3).

After UTC and Northrop were served with the complaint, thirty days came and passed, but

neither removed the case to federal court. They both contend they could not ascertain from the allegations in the complaint that the case was removable under the federal officer removal statute (Docs. 2, 9, 35, 36). It wasn't until they received Plaintiffs' responses to the standard interrogatories on March 27, 2013 that they learned Mr. Addison's claims against UTC and Northrop involved military equipment supplied to the United States Air Force, and the case was thus removable under the federal officer removal statute (Docs. 2, 9, 35, 36). UTC filed its notice of removal pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a), on April 24, 2013 in this Court (Doc. 2). On May 3, 2013, Northrop joined in UTC's removal, and also asserted that it has an independent basis for removal based on the federal officer removal statute (Doc. 9).

On May 24, 2013, Plaintiffs filed their motion to remand arguing that removal was untimely (Docs. 17, 18).

## DISCUSSION

UTC and Northrop have removed this matter pursuant to the federal officer removal statute, 28 U.S.C. § 1442. As the proponents of jurisdiction here, UTC & Northop bear the burden of showing that removal was timely and that it meets all the criteria for federal officer jurisdiction. *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012) (internal citations omitted). In general, there are four requirements to properly remove a case pursuant to federal officer jurisdiction. A party seeking to avail itself of federal officer jurisdiction "must show it was a (1) person (2) acting under the United States, its agencies, or its officers (3) that has been sued for or relating to any act under color of such office, and (4) has a colorable federal defense to the plaintiff's claim." *Id.* at 1180–81, *citing* 28 U.S.C. § 1442(a).

While §1442 governs the substantive requirements for federal officer removal, the

timeliness of removal is dictated by § 1446. Under § 1446(b)(1), when a case is removable based on the initial pleading, the notice of removal must be filed within thirty days after the receipt by the defendant of the initial pleading. 28 U.S.C. § 1446(b)(1). However, if the case stated by the initial pleading is not removable, then a notice of removal must be filed within 30 days after the date when the case became removable or the possibility of removal was ascertained. 28 U.S.C. § 1446(b)(3).

### A. UTC's Notice of Removal was Untimely

The Court will first address whether UTC's notice of removal was timely. The question presented here is whether UTC could ascertain that the case was removable under the federal officer removal statute at the time it was served with the complaint. UTC does not contest that the first element of § 1442(a)—whether UTC was a person within the meaning of the statute—was ascertainable at the time it was served with the complaint. In fact, this element is indisputable because the Seventh Circuit has held that a corporation, such as UTC, is a "person" and can avail itself of federal officer jurisdiction. *Ruppel*, 701 F.3d at 1181.

It is the second, third, and fourth elements of § 1442(a) that UTC claims it could not ascertain from the complaint. Specifically, UTC contends that it could not ascertain from the complaint whether Mr. Addison's claims were based on military or non-military products (Docs. 2, 35). UTC further contends that it was not apparent the case was removable until it received Plaintiffs' interrogatory responses, which indicated for the first time that Mr. Addison was exposed to asbestos during his work in aircraft maintenance while serving in the Air Force (Docs. 2, 35).

As UTC admits (Doc. 2), Plaintiffs allege in the complaint that Mr. Addison was exposed

to asbestos materials supplied by UTC during his service in the Air Force. The complaint alleges, in pertinent part, that Mr. Addison served in the United States Air Force from 1973 to 1993 at various military bases in the state of Florida (Doc. 2-2 ¶ 1). During this time, Mr. Addison experienced occupational and bystander exposure to asbestos as the result of direct contact with products and equipment (Doc. 2-2 ¶ 3). UTC was one of the manufacturers, suppliers, and distributors of asbestos-containing products and equipment that Mr. Addison was exposed to (Doc. 2-2 ¶ 4). As a result of his exposure to asbestos, Mr. Addison developed lung cancer (Doc. 2-2 ¶ 11).

Furthermore, UTC knew that all of its products were custom manufactured for the United States' Government. In the notice of removal, UTC alleged that it designed, built, and supplied products—aircraft engines and component parts—to the United States' armed forces, including the Marine Corps (Docs. 2, 2-9). UTC further alleged that "any and all equipment produced and supplied by UTC for the U.S. Air Force" were designed and manufactured at the Air Force's direction, in accordance with precise Air Force specifications, and under the Air Force's tight supervision and control (Docs. 2, 2-9). Notably, UTC does not indicate in the notice of removal that it produced aircraft engines for non-governmental entities, or that it supplied non-customized products to the military that would not have been subject to a federal contractor defense.

Therefore, based on UTC's own submissions, it is abundantly clear that UTC has always known that it was acting under the United States or its officers, when it designed, manufactured, and supplied its products. Additionally, the only logical conclusion that UTC could have drawn from the amended complaint was that Mr. Addison's claims against it stemmed from his contact with military equipment produced by UTC during his service in the Air Force. This is

particularly true because it is inconceivable how Mr. Addison would have come into contact with aircraft engines manufactured for the Air Force during his other jobs as a laborer, longshoreman, railroad laborer, and papermill worker, or while he was performing automotive maintenance and repair on his personal automobiles. Lastly, UTC always knew that it had a colorable federal defense to Plaintiffs' claims.

Accordingly, the Court finds that all of the criteria necessary to establish federal officer jurisdiction were clear from the face of the amended complaint. A reasonable and commonsense reading of the complaint *should* have put UTC on notice that this action was immediately removable. *See Douthitt v. Arvinmeritor Inc.*, Case No. 13-754-GPM, 2013 WL 5255677, at *3 (S.D. Ill. Sept. 17, 2013); *Fields v. Jay Henges Enterprises, Inc.,* Case No. 06–323–GPM, 2006 WL 1875457, at *3 (S.D. Ill. June 30, 2006).

The Court also finds that the grounds for removal in the notice of removal are not traceable to the information contained in Plaintiffs' interrogatory responses. The interrogatory responses contain information not found in the complaint, such as Edgar Addison's job duties while in the Air Force, including aircraft maintenance; the locations where he worked while in the Air Force; and the specific asbestos-containing products he may have been exposed to, including brakes, clutches, and gaskets (*Compare* Doc. 2-2 *with* Doc. 2-4). Of that information, the notice of removal only mentions that Mr. Addison was exposed to asbestos during the course of his duties in aircraft maintenance. UTC does not explain, however, why it needed to know Mr. Addison's duties in order to ascertain removability. And it seems that Mr. Addison's duties, as well as his location and the particular UTC products he was exposed to, are irrelevant given that UTC indicated that *all* of the products that it supplied to the Air Force were subject to the same

governmental constraints.

In sum, removability was certainly ascertainable from the amended complaint; Plaintiffs' interrogatory responses simply made removability uncontestable. However, "a defendant who wishes to remove a case to federal court cannot 'wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court.'" *Fields,* 2006 WL 1875457 at *3, *quoting McCoy v. General Motors Corp.,* 226 F.Supp.2d 939, 941 (N.D.Ill. 2002).

The Seventh Circuit follows a strict view on a party's right to removal. When a defendant fails to timely remove a case, the defendant waives its right to removal. *See Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n,* 668 F.2d 962, 965–66 (7th Cir. 1982). Here, the immediate removability of the case was evident from the face of the complaint, but UTC did not file its notice of removal within thirty days after it was served with the complaint. Therefore, UTC's attempt at removal was untimely.

**B. Northrop-Grumann's Notice of Removal was Untimely**

Because UTC's notice of removal was untimely, Northrop's joinder in UTC's removal is ineffective to avoid remand. In order to keep this action in federal court, Northrop needs an independent basis for jurisdiction, which it contends it has under the federal officer removal statute (Doc. 9). Like UTC, Northrop claims that it could not ascertain from the allegations in the complaint that the case was removable under the federal officer removal statute (Doc. 9). It wasn't until Northrop received Plaintiffs' responses to the standard interrogatories that it learned Mr. Addison's claims against it involved military equipment supplied to the United States Air Force, and the case was thus removable under the federal officer removal statute (Doc. 9).

Even if Northrop's claims are true, its notice of removal is untimely. Northrop was served with Plaintiffs' responses to the standard interrogatories on March 27, 2013 (Docs. 2-4, 9). However, Northrop did not file its notice of removal until May 3, 2013—37 days after it purportedly ascertained that the case was removable. Therefore, Northrop's attempt at removal was untimely. *See* 28 U.S.C. § 1446(b)(3).

## CONCLUSION

The motion to remand filed by Plaintiffs Edgar and Josephine Addison (Doc. 17) is **GRANTED**. This case is **REMANDED** to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**

DATED: November 25, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge